UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                          Case No. 2:20-cr-122-JLB-NPM

MARQUISE THOMAS
_____/

**ORDER**

In 2020, Defendant Marquise Thomas was indicted and charged with one count of possession of child pornography. (Doc. 1). He moved to compel the production of material relating to the underlying investigation. (Doc. 29.) The Magistrate Judge denied the motion, and Mr. Thomas has objected. (Docs. 46, 50.)

"[A] magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery." Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). To prevail on his objection, Mr. Thomas must establish that the conclusions to which he objects in this nondispositive order are clearly erroneous or contrary to law. See Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). For the reasons explained, Mr. Thomas's objection to the order is overruled, and the motion to compel is therefore denied.

## BACKGROUND

The Magistrate Judge's order outlines the relevant background. In short, Mr. Thomas was indicted and charged with possession of child pornography following the examination of electronic devices seized from his residence pursuant to a search warrant. (Doc. 46 at 2–4.) In support of the search warrant, FBI Agent Donald Woelke averred that child pornography was downloaded via a peer-to-peer (P2P) file-sharing software from an IP address associated with Mr. Thomas's residence. (Id. at 3–4.) That software was created for law enforcement. (Id. at 3.)

To determine whether there was a basis to challenge the search warrant or the evidence seized pursuant to it, Mr. Thomas sought discovery relating to the software Agent Woelke utilized to search Mr. Thomas's electronic devices. (Doc. 29 at 5–6, 9.)[1] Mr. Thomas speculated that the software may constitute "malware"

---

[1] Specifically, Mr. Thomas sought:

> (a) the name of the "law enforcement version P2P program" used by Agent Woelke; (b) disclosure of whether the user manual for this "law enforcement version P2P program" is available to the public; (c) disclosure of whether the source code for this "law enforcement version P2P program" is available to the public; (d) the name of the program used by [an] unidentified DHS agent . . . ; (e) disclosure of whether the user manual for that program is available to the public; and (f) disclosure of whether the source code for that program is available to the public . . . .

(Doc. 29 at 5–6; Doc. 29-1 at 6.) If the United States did not provide the above material, Mr. Thomas further sought a variety of information relating to the P2P software used by law enforcement. (Doc. 29 at 6; Doc. 29-1 at 3–6.) However, he withdrew this "conditional" request, "[a]s the government has yet to respond to [his initial request]." (Doc. 29 at 6.) Mr. Thomas further noted that if his motion to compel is granted and "the source code and/or user manual of any of the aforementioned software is unavailable to the public," he "seeks an Order

that "compromise[s] an area for which there is a reasonable expectation of privacy" and "tagged the defendant's computer: that is, installed an investigative tool to create an identifier that tracks the defendant's computer." (Id. at 18.) Mr. Thomas also suggested that the sought information might be material to his defense at trial. (Id. at 9, 22–26.) In response, the United States represented that it does not intend at trial to "introduce evidence of the child pornography downloaded from [Mr. Thomas]." (Doc. 33 at 5.)

The Magistrate Judge denied Mr. Thomas's motion, finding that the information sought was not material to any defense and that Mr. Thomas "present[ed] no non-speculative basis for holding a hearing, either to explore the legality of the Government's pre-warrant investigation or the veracity of the search warrant affidavit." (Doc. 46 at 8, 14, 23.) Mr. Thomas objected to the order, contending that the order is contrary to law and must be set aside. (Doc. 50 at 1.) Specifically, he raises arguments that were previously rejected, speculates that the P2P software used by law enforcement has "technological enhancements unavailable to the public," and observes that the order did not address his constitutional arguments supporting his discovery request. (Id. at 3–4, 9–11.)

---

compelling production of the source code and the user manual." (Id. at 6–7.) To the extent Mr. Thomas objects to the Magistrate Judge's determination that the production of the source code and user manual cannot be compelled, or the denial of any "conditional request," that determination was not clearly erroneous or contrary to law. (Doc. 46 at 10, 13–16; Doc. 50 at 6–7; Doc. 57 at 3.)

## DISCUSSION

Federal Rule of Criminal Procedure 16(a) "spells out the materials the prosecution must produce on the defendant's request." United States v. Jordan, 316 F.3d 1215, 1249 (11th Cir. 2003). The rule requires production of an item where "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Because the United States does not intend to use the sought discovery in its case-in-chief and the items were not obtained from or belong to Mr. Thomas, he must establish that the discovery is "material to preparing the defense" to compel production under Rule 16. The Magistrate Judge's determination that Mr. Thomas failed to make the required showing was not contrary to law or clearly erroneous.

As the Magistrate Judge observed, Mr. Thomas is charged with possession, not distribution, of child pornography, and the United States intends to present evidence of the "post-seizure forensic examination of the devices that were in Thomas's residence and not the pre-seizure identification and download of items from his devices by the law enforcement P2P program(s)." (Doc. 46 at 12). Further, Mr. Thomas has retained a computer expert, is entitled to forensically examine his devices, and acknowledges that the United States has since provided some information as to its P2P software.[2] (Id.; Doc. 20-1; Doc. 54 at 6 n.2; Doc. 57 at 3.)

---

[2] In his reply, Mr. Thomas asserts that he did not retain a coding expert and contends that his retention of an expert does not "eliminate" the need for the sought information. (Doc. 57 at 2.) As noted, however, Mr. Thomas is charged with

In summary, the Court agrees with the Magistrate Judge's conclusion that the sought discovery is not material in preparing the defense. (Doc. 46 at 13–16.)

Likewise, the Magistrate Judge's determination that Mr. Thomas failed to establish that the sought discovery could support a challenge to the search warrant is not clearly erroneous or contrary to law. As an initial matter, the production of the material is not required by Rule 16. (Doc. 46 at 16); Jordan, 316 F.3d at 1249 n.69; United States v. Armstrong, 517 U.S. 456, 462 (1996).[3] In any event, Mr. Thomas raises no plausible basis to support a Fourth Amendment challenge to the investigation, seizure, or subsequent forensic examination of the electronic devices. (Doc. 46 at 19–22); United States v. Norman, 448 F. App'x 895, 897 (11th Cir. 2011); United States v. Palmer, No. 2:15-cr-1-FtM-38DNF, 2015 WL 4139069, *12 (M.D. Fla. July 8, 2015). Further, there was no "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant." Franks v. Delaware, 438 U.S.

---

possession, not distribution, of child pornography, and the United States only intends to present evidence of the post-seizure examination of his devices. His continued speculation that the "government's undercover and adaptive software uploaded information to, or otherwise shared information with, the target computer" is insufficient to establish materiality. (Doc. 57 at 2.)

[3] Mr. Thomas relies on United States v. Soto-Zuniga, 837 F.3d 992, 1000–01 (9th Cir. 2016), in which the court determined that Armstrong was limited to discovery in selective-prosecution cases and did not "preclude Rule 16(a)(1)(E) discovery related to the constitutionality of a search or seizure." In any event, Mr. Thomas cites no authority extending this reasoning to P2P software, and other courts have denied similar discovery requests. See, e.g., United States v. Jean, 891 F.3d 712, 715 (8th Cir. 2018) (source code of software exploit); United States v. Pirosko, 787 F.3d 358, 363 (6th Cir. 2015) ("ShareazaLE, a proprietary program used exclusively by law enforcement"); United States v. Chiaradio, 684 F.3d 265, 271 (1st Cir. 2012) (EP2P, "a special version of LimeWire developed by the FBI").

154, 155–56 (1978).  Nor has Mr. Thomas shown that production of the requested material is required to bring a challenge under <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993).  (Doc. 29 at 9; Doc. 46 at 22 n.11.)  And he cites no persuasive authority in support of the proposition that production is warranted under the Fifth or the Sixth Amendments.  (Doc. 29 at 7–8; Doc. 50 at 10–13.)  The contention is, in all events, unpersuasive.

Lastly, the Magistrate Judge determined that because Mr. Thomas had not "demonstrated any entitlement to the requested information, the Court need not determine whether the law enforcement privilege applies."  (Doc. 46 at 23.)  To the extent necessary, the Court agrees with the United States and follows other courts in finding the privilege applicable here to bar production of information relating to the P2P software.  (Doc. 54 at 12–15); <u>Jean</u>, 891 F.3d at 715; <u>Pirosko</u>, 787 F.3d at 366.  And although Mr. Thomas "accedes to a protective Order," (Doc. 29 at 22), as other courts have found, a protective order would be "insufficient."  <u>See, e.g.</u>, <u>Jean</u>, 891 F.3d at 715.

In summary, the Magistrate Judge's denial of Mr. Thomas's Motion to Compel Disclosures (Doc. 29) was not clearly erroneous or contrary to law.

6

Accordingly, it is **ORDERED**:

1. Mr. Thomas's Objection to Nondispositive Order (Doc. 50) is **OVERRULED**.

2. Mr. Thomas's Motion to Compel Disclosures (Doc. 29) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on August 30, 2021.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE