### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                                      Case No. 2:20-cr-122-TPB-NPM

MARQUISE THOMAS,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

This matter is before the Court on Defendant's "Motion for Pre-Trial Suppression Hearing and Memorandum of Law in Support Thereof," filed by counsel on September 30, 2021.  (Doc. 62).  On October 14, 2021, the United States of America filed a response in opposition to the motion.  (Doc. 68).  The Court held an evidentiary hearing to address this matter on January 28, 2022.  After reviewing the motion, response, court file, and the record, the Court finds as follows:

In his motion, Defendant argues that the evidence against him should be suppressed, raising three issues:  (1) the affidavit does not establish probable cause; (2) false statements and material omissions recklessly appear in the affidavit supporting the search warrant, defeating probable cause; and (3) Defendant's statements to law enforcement were incident to an unattenuated Fourth Amendment violation and violated his *Miranda*[1] rights.

---

[1] *Miranda v. Arizona,* 384 U.S. 436, 475 (1966).

*Probable Cause*

In his motion, Defendant argues that the evidence should be suppressed because the search warrant was not supported by sufficient probable cause. As the Supreme Court has explained, when issuing a search warrant, "the task of the . . . magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Furthermore, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (internal quotation omitted). Consequently, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Id.* at 236 (internal quotation omitted). Moreover, a reviewing court should not invalidate a search warrant by interpreting affidavits "in a hypertechnical, rather than a commonsense, manner." *Id.*

Reviewing the warrant and supporting affidavit – and giving due deference to the determination of the magistrate judge – the Court finds that there was sufficient probable cause to support the issuance of the search warrant.[2] Contrary to Defendant's assertions, the information contained in the affidavit was not stale where the affidavit provided that the affiant had downloaded child pornography files in November 2018, and the search was being sought in January 2019. *See, e.g., United States v. Touset*, 890 F. 3d 1227, 1237 (11th Cir. 2018) (child pornography information

---

[2] The documents were introduced into evidence at the January 28, 2022, evidentiary hearing as Exhibit 1a and 1b.

that was a year and a half old was not stale); *United States v. Lovvorn*, 524 F. App'x

485, 487 (11th Cir. 2013) (child pornography information that was nine to twelve

months old was not stale); *United States v. Schwinn*, 376 F. App'x 974, 979 (11th Cir.

2010) (child pornography information that was ten months old was not stale).

Moreover, "files on a computer are less likely than other types of contraband to

disappear over time and can often be recovered even if they are deleted." *Lovvorn*, 524

F. App'x at 487.

Additionally, even if probable cause was lacking, the Court notes that evidence

seized pursuant to a warrant may be admitted where the "affidavit was made in good

faith, the warrant was issued by a detached and neutral magistrate, and the warrant

was reasonably relied on in good faith by the police officers." *United States v.*

*Richardson*, 861 F.2d 291, 294 (D.C. Cir. 1988) (citing *United States v. Leon*, 468 U.S.

897 (1984)).  Even if the Court were to find that there was not sufficient probable

cause to support the issuance of the warrant, the evidence should not be excluded due

to the good faith exception to the exclusionary rule.

### No False Statements or Material Omissions

In his motion, Defendant contends that certain false statements and material

omissions should invalidate the warrant.  The types of "omissions" identified by

Defendant appear to focus on the government's "secret and proprietary" software used

in this case and the lack of explanation as to how the BitTorrent network operates.

At the suppression hearing, Defendant withdrew his request for a *Franks*[3]

hearing concerning whether the affidavit's "reckless commissions and omissions"

---

[3] *Franks v. Delaware*, 438 U.S. 154 (1978).

defeat probable cause.  Nonetheless, even if the Court were to make this
determination, the Court would find that these identified issues do not constitute
material omissions in the warrant.  Defendant has not shown how any of the
additional information was so essential that its exclusion renders the warrant
deficient.  Consequently, the motion is denied as to this ground.

### Statements to Officers

Defendant argues that any statements he made to officers should be suppressed
because the statements were incident to a Fourth Amendment violation and because
his *Miranda* rights were violated.  As discussed above, the Court concludes that no
Fourth Amendment violation occurred; the motion is therefore denied as to this
ground.  The Court will further address the purported *Miranda* violation.

The United States Supreme Court explained in *Rhode Island v. Innis*, 446 U.S.
291 (1980) that *Miranda* safeguards are triggered "whenever a person in custody is
subjected to either express questioning or its functional equivalent."  It does not
appear that the issue of interrogation is disputed here.  Therefore, the issue presented
is whether Defendant was "in custody" during his conversations with law enforcement
officers during the execution of the search warrant.

Custody for purposes of *Miranda* encompasses not only formal arrest, but any
restraint on freedom of movement of the degree associated with formal arrest.  *United
States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (citing *California v. Beheler*, 463
U.S. 1121, 1125 (1983)).  Whether a defendant is "in custody" for *Miranda* purposes
"depends on whether under the totality of the circumstances, a reasonable man in his
position would feel a restraint on his freedom of movement to such extent that he

would not feel free to leave." *United States v. McDowell*, 250 F.3d 1354, 1362 (11th Cir. 2001) (quotation marks and alterations omitted).  This is an objective test; the actual, subjective beliefs of the defendant and the interviewing officer regarding whether the defendant was free to leave are irrelevant.  *United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996).  "The right to *Miranda* warnings attaches when custodial interrogation begins."  *United States v. Crews*, No. 3:13-cr-230-J-34MCR, 2014 WL 5690448, at *5 (M.D. Fla. Nov. 4, 2014) (citing *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004)).

Upon review, the Court finds that Defendant's statements were made during a non-custodial interview and therefore his *Miranda* rights were not violated.  *See United States v. Street*, 472 F.3d 1298, 1310 (11th Cir. 2006) (explaining that "a person is in 'custody' for *Miranda* purposes only when there is a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest'") (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)).  In this case, Defendant agreed to speak with agents at his home during the execution of the search warrant.  *See United States v. Brown*, 441 F.3d 1330, 1348 (11th Cir. 2006) ("[C]ourts are much less likely to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home.").  The agents did not draw their guns or use physical restraints.  *See, e.g.*, *Street*, 472 F.3d at 1309 (relevant factors include whether officers brandished weapons); *United States v. Matcovich*, 522 F. App'x 850, 851 (11th Cir. 2013) (relevant factors include presence of physical restraints).  Agents also told Defendant that he did not need to speak with them and was free to leave.  *See Brown*, 441 F.3d at 1347 (advisement that suspect is free to

leave and is not in custody is a powerful factor that will lead to conclusion that suspect was not in custody).  The tone of the interview was conversational and non-confrontational.  As such, to the extent that Defendant argues his *Miranda* rights were violated, the motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  Defendant's "Motion for Pre-Trial Suppression Hearing and Memorandum of Law in Support Thereof" (Doc. 62) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 2nd day of March, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**